UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HADI ABDUL HAQQ, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | |
| WALMART DEPARTMENT STORE, *7101 Gateway Blvd. West, El Paso, Texas 79925,* **MCDONALD'S RESTAURANT**, *Walmart Department Store,* **WALMART STORES, INC.,** *702 S.W. 8th Street, Bentonville, Arkansas 72716,* | § § § § § § § | EP-19-CV-00200-DCG |
| *Defendants.* | § § | |

## MEMORANDUM ORDER

Presently before the Court is United States Magistrate Judge Robert F. Castaneda's "Report and Recommendation" (ECF No. 8) ("R&R"). Therein, the magistrate judge recommends that the instant case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Also, before the Court is Plaintiff Hadi Abdul Haqq's "Opposition to U.S. Magistrate Judge['s] Report and Recommendation" (ECF No. 11) ("Objections to the R&R"). Mr. Haqq is proceeding *pro se* and *in forma pauperis* ("IFP") in this action.

### I. PROCEDURAL BACKGROUND

On July 22, 2019, Mr. Haqq tendered a complaint to the district clerk and filed an application to proceed IFP along with his financial affidavit. On July 29, this Court, pursuant to 28 U.S.C. § 636(b), referred this case to Judge Castaneda. Because the information provided in the affidavit indicated that Mr. Haqq lacked the funds necessary to prosecute this action, the magistrate judge granted the application, and his Complaint (ECF No. 5) was docketed on July 30. *See* Order Granting IFP, ECF No. 4. Moreover, the magistrate judge ordered the Clerk of

the Court not to issue service of process until he conducts juridical screening of the Complaint pursuant to 28 U.S.C. § 1915. *Id.* at 1. On August 9, 2019, the magistrate judge issued the R&R recommending dismissal of this action. The judge allowed Mr. Haqq fourteen days to file written objections to his proposed findings, conclusions, and recommendations. R&R at 6. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). On August 19, 2019, Mr. Haqq filed his Objections to the R&R.

## II. STANDARD

### A. Standard for Review of the R&R

When a party files timely written objections to a magistrate judge's report and recommendation, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "[I]n providing for a '*de novo* determination,' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). After completing its review of the report, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

As to other portions—that is, the unobjected-to portions—of the magistrate judge's report or when a party does not file written objections, the district judge applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). A finding "is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Alphonse v. Arch Bay Holdings*,

*L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

**B. Standard for Dismissal Under 28 U.S.C. § 1915**

The federal IFP statute instructs the district court to dismiss "at any time" an IFP complaint, if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In making that determination, courts apply the same standard that it applies on a motion filed under Federal Rule of Civil Procedure 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the "facial plausibility" standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).

**C. Standard for *Pro Se* Complaints and Briefs**

Courts are to liberally construe the pleadings and briefs of *pro se* litigants, like Mr. Haqq here, and apply less stringent standards to *pro se* litigants than to parties represented by counsel. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, like any other parties, *pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, and clearly address and brief

the issues. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); *Grant*, 59 F.3d at 524; *Nunez v. U.S. Postal Serv.*, 298 F. App'x 316, 319 (5th Cir. 2008).

Moreover, "the 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate" for the *pro se* party. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) ("[A] district judge . . . is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel.").

### III. DISCUSSION

In his 156-page long Complaint, Mr. Haqq asserts three sets of claims against Defendants Walmart Department Store, McDonald's Restaurant, and Walmart Stores, Inc. *See* R&R at 2. First, Mr. Haqq alleges that Defendants violated his First Amendment, Fifth Amendment, Eight Amendment, Ninth Amendment, and Fourteenth Amendment rights (collectively "Constitutional Claims"). Second, he alleges that Defendants committed fraud, bribery, conspiracy, theft, larceny, and larceny by trick (collectively "Criminal Claims"). Third, Mr. Haqq alleges that Defendants committed negligence, gross negligence, and negligence per se (collectively "Negligence Claims").

With regard to the Constitutional Claims, the magistrate judge found that Mr. Haqq does not state a viable claim against Defendants because an individual does not enjoy constitutional protection from private companies, such as Defendants here. *See* R&R at 5. With regard to the Criminal Claims, the magistrate judge found that Mr. Haqq cannot pursue them against the Defendants because the criminal statutes, which Defendants allegedly violated, do not

contain a private right of action. *See id.* Finally, with regard to the Negligence Claims, the magistrate judge found that Mr. Haqq's complaint does not plead sufficient facts from which the Court can draw the reasonable inference that Defendants owed Mr. Haqq a duty, Defendants breached this duty, and the breach was the proximate cause of Mr. Haqq's damages. *See id.* at 4.

In his Objections to the R&R, Mr. Haqq does not address these findings by the magistrate judge. *Cf. Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc) ("It is reasonable to place upon the parties the duty to *pinpoint* those portions of the magistrate's report that the district court must specially consider. This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." (emphasis added)), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996) (en banc). Consequently, the Court deems these findings as not being objected to. Having carefully reviewed the R&R, the Court concludes that these findings are not clearly erroneous or contrary to law, and the magistrate judge did not abuse his discretion. *See Wilson*, 864 F.2d at 1221, *supra*. Accordingly, the Court adopts these findings and accepts the magistrate judge's recommendation to dismiss this action.

Nevertheless, the Court addresses the arguments Mr. Haqq advances in his Objections to the R&R. First, Mr. Haqq takes issue with the magistrate judge's reliance of certain cases for standard and principles of law. *See* Objs. to R&R at 7–9. For example, the magistrate judge cited *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990), for purposes identifying what the elements of a negligence cause of action are. The Court finds that the magistrate properly relied on these cases.

Second, Mr. Haqq faults the magistrate judge for not holding a *Spears* hearing.[1] *See* Objs. to R&R at 4. However, a *Spears* hearing is not always required before dismissing an IFP complaint under 28 U.S.C. § 1915(e)(2)(B). The Fifth Circuit stated:

> Proper use of § 1915[(e)] procedures should enable a district court to determine at the earliest possible stages in pro se litigation whether there is any merit to an IFP proceeding. *Of course, our discussion of* Spears *should not be interpreted to mean that all or even most prisoner claims require or deserve a* Spears *hearing.* A district court should be able to dismiss as frivolous a significant number of prisoner suits *on the complaint alone* or the complaint together with the *Watson* questionnaire. An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), . . . and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). We must take advantage of every tool in our judicial workshop.

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (emphasis added) (internal quotes and citations omitted). The Court concludes that the magistrate judge committed no error by not holding a *Spears* hearing before recommending dismissal of this action.

## IV. CONCLUSION

For the foregoing reason, **IT IS ORDERED** that United States Magistrate Judge Robert F. Castaneda's "Report and Recommendation" (ECF No. 8) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Plaintiff Hadi Abdul Haqq's claims asserted against Defendants Walmart Department Store, McDonald's Restaurant, and Walmart Stores, Inc. in this action are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FINALLY ORDERED** that the Clerk of this Court **SHALL CLOSE** this case.

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 180-82 (5th Cir. 1985) (approving of a hearing at which a prisoner may articulate and explain the factual basis for his claims).

So ORDERED and SIGNED this 3rd day of October 2019.

/s/ David C. Guaderrama
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE